# EXHIBIT 27

Declaration of Kieran Suckling (July 2019)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

HIGH COUNTRY CONSERVATION ADVOCATES, et al.,

     Plaintiffs,

v.

UNITED STATES OFFICE OF SURFACE MINING,
CONTROL, RECLAMATION AND ENFORCEMENT, et al.

     Defendants.

---

I, Kierán Suckling, pursuant to 28 U.S.C. § 1746, hereby declare:

1.     I submit this declaration in support of Plaintiffs' motion for a preliminary injunction, and as evidence of the Center for Biological Diversity's inability to post a substantial bond in this case. The facts set forth in this declaration are based on my personal knowledge, and if called as a witness, I could and would competently testify thereto under oath. As to those matters which reflect a matter of opinion, they reflect my personal opinion and judgment upon the matter.

2.     I am co-founder of the Center for Biological Diversity ("Center"), and have been a board member and/or executive director of the Center since 1989. I am currently the executive director of the Center. In

that capacity, I am well aware of the financial holdings and status of the organization.

3.      The Center is a 501(c)(3) non-profit conservation organization.

4.      The Center's funding comes primarily from charitable contributions from individuals and private foundations.

5.      The Center seeks to protect endangered species, human health, and public lands and waters in the public's interest, by ensuring the National Environmental Policy Act, the Endangered Species Act and other environmental laws are complied with.  We are often compelled in these cases to seek a preliminary injunction or an injunction pending appeal.  If the Center is required to pay a substantial bond each time that we seek injunctive relief, it would curtail our ability to achieve our mission.

6.      Recognizing that government agencies will sometimes fail to comply with or enforce environment laws because of political or economic pressure, or lack of resources or expertise, Congress expressly created citizen suit and other judicial review provisions to leverage the resources, expertise and independent status of organizations such as ours, by encouraging them to seek enforcement of environmental laws where they believe the government has fallen short.  These provisions recognize that citizens typically have no personal or financial stake in the litigation and

DECLARATION OF KIERAN SUCKLING                                                                 2

bring these lawsuits to benefit the public as a whole. These lawsuits are intended to complement the often inadequate resources provided by public enforcement agencies.

7.     The Center has no financial stake in the litigation we pursue, including in this case. The Center's lawsuits such as this one are brought to benefit the public as a whole and are aimed at vindicating public rights.

8.     The financial operations of an organization like the Center are very different from a for-profit corporation because much of the money we receive from foundations and individuals through grants and contributions is legally encumbered. This is money we receive to perform a specific action. It is not money that is available to spend as we please.

9.     Because so much of the money we receive is allocated to a particular activity, we rely on our general funds and donations of individuals to fund our general operating expenses. These general operating expenses cover much of our conservation work and all administrative functions, including administrative and executive staff salaries, rent, equipment purchase, maintenance and repair, and any other overhead expenses of the Center. The Center has allocated all of its general funds to meet the requirements of our 2019 budget and currently does not have any of these general funds in reserve. Right now, payment

of a substantial bond in this case would require eliminating one or more administrative staff positions at the Center to acquire any general funds for this purpose.

10.    The fact of the matter is, we simply do not have money available to pay a substantial bond in this case.  The Center is run very differently from a for-profit organization.  We do not make money and then disburse it to owners or shareholders; rather, we spend what we receive, and what we receive is almost always allocated to a specific purpose, such as litigation with regard to a specific issue and/or region, or the preparation and submission of petitions to list species as endangered and threatened under the federal Endangered Species Act, or public education campaigns.  There is no "profit margin" that results in excess funds.  There simply are no profits to disburse or to save for the future in a non-profit corporation.

11.    An order requiring the Center to pay a substantial bond in this case would have a chilling effect on the ability of the Center to bring lawsuits to advance the public interest. This would frustrate the intent of Congress which created citizen suit and other judicial review provisions precisely to allow and encourage groups such as ours to file public interest litigation of the type at issue here.

DECLARATION OF KIERAN SUCKLING                                                4

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tucson, Arizona on July 2, 2019.

_____
Kierán Suckling
Executive Director
Center for Biological Diversity
POB 710, Tucson AZ 85702

DECLARATION OF KIERAN SUCKLING                                          5